Howard Rubinstein, Esq. (Fla. SBN: 0104108)
*howardr@pdq.net*
LAW OFFICES OF HOWARD RUBINSTEIN
P.O. Box 4839
Aspen, Colorado 81612
(832) 715-2788 · (561) 688-0630 (f)
*(To apply as counsel pro hac vice)*

Harold M. Hewell (Cal. SBN: 171210)
*hmhewell@hewell-lawfirm.com*
HEWELL LAW FIRM
105 West F Street, Second Floor
San Diego, California 92101
(619) 235-6854 · (888) 298-0177 (f)
*Attorneys for Plaintiff*

Gerald E. Hawxhurst
*jerry@cronehawxhurst.com*
Daryl M. Crone
*daryl@cronehawxhurst.com*
CRONE HAWXHURST LLP
10880 Wilshire Boulevard, Suite 1150
Los Angeles, CA 90024
(310) 893-5150 · (310) 893-5195 (f)
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIA MEAUNRIT,** as an individual, and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>*vs.*<br><br><br>**DR PEPPER SNAPPLE GROUP, INC.,** a Delaware corporation,<br><br>    *Defendant.* | Civil No. 3:10-cv-05153-JSW<br><br>Hon. Jeffrey S. White<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>*Class Action*<br>*Jury Trial Requested*<br><br>Complaint filed November 12, 2010 |

{00040975.DOC - v2}

1.   **Jurisdiction and Service:** The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

<u>Subject Matter Jurisdiction</u>: Plaintiff contends that this Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

Diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A), as Plaintiff, Julia Meaunrit, is a citizen of California, and Defendant, Dr Pepper Snapple Group, Inc. ("Snapple"), can be considered a citizen of either Texas or Delaware. Diversity also exists as to Snapple Beverage Corporation, a Delaware corporation which maintains its principal place of business in New York (see below). Plaintiff contends that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5). Additionally, Plaintiff contends that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than California where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. § 1332(d)(5)(B).

Defendant does not object to the Court's assertion of subject matter jurisdiction over this dispute. However, Defendant is not the proper party to the action because it does not make or sell the Product at issue in Plaintiff's complaint. Snapple Beverage Corp., a wholly-owned subsidiary of Dr Pepper Snapple Group, Inc., is the proper party because it owns the rights to the Product at issue and, through contracts with related

entities, directs the manufacture and distribution of the Product. Defendant has informed Plaintiff's counsel of this, and the Parties have agreed to stipulate to the substitution of Snapple Beverage Corp. as the named defendant, in place of Dr Pepper Snapple Group, Inc.

Personal Jurisdiction: Plaintiff contends that this Court has personal jurisdiction over Defendant because Snapple, directly and through its agents, has substantial contacts with, and receives benefits and income from and through, the State of California.

Defendant does not object to the Court's assertion of personal jurisdiction over Defendant at this time.

Venue: Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(a), because Defendant conducts business in, and may be found in, this Judicial District, and Plaintiff purchased the subject product of this action in this Judicial District. Additionally, Plaintiff has filed the requisite declaration, pursuant to California Civil Code § 1780(c) of the Consumer Legal Remedies Act ("CLRA"), Civil Code §§1750 et seq., setting forth the basis for CLRA venue in this Judicial District under the California Consumer Legal Remedies Act ("CLRA").

Defendant does not object to venue in this District.

**2.    Facts:** A brief chronology of the facts and a statement of the principal factual issues in dispute.

Plaintiff's Statement.

Plaintiff purchased the subject product of this action, "Snapple® Acai Mixed Berry Red Tea Immunity," ("Product") on a number of occasions, beginning approximately in April of 2010, from the Safeway grocery store located at Alameda Town Center, 2130 S. Shore Center, Alameda, California 94501.

Plaintiff contends that Snapple has made false and misleading statements in its advertising and packaging of the Product, claiming that use of the Product would help support a healthy immune system. Snapple has made such claims in a variety of media, including on the principal display panel (front label) of the Product itself, which

{00040975.DOC - v2}

contained the word, "IMMUNITY", and on its Website, where it stated that, "In our search for the perfect tea, we scoured the planet and found rooibos ("roy-boss"), a rare antioxidant rich tea that only grows in the Western Cape region of South Africa. … We topped it off with real fruit juice and Vitamin C to help support a healthy immune system. So go ahead, enjoy our delicious rooibos. And work on the pronunciation later." The Snapple Website also stated that the Product was "rich in antioxidant vitamin C which helps support a healthy immune system."

Plaintiff contends that Defendant lacks a credible scientific basis for making these claims for the Product, particularly when the rooibos and vitamin C is ingested at the modest levels found in the Product, and in combination with other ingredients in the Product that might offset any benefit derived from the rooibos and vitamin C. As a result, Plaintiff contends that consumers who purchased the Product materially relied on the "immunity" claims made on behalf of the Product, and that they have suffered actual injury as the result of their purchase of the Product, paying money for a Product that had less value than the purchase price paid for it. Plaintiff seeks relief on a class-wide basis.

Defendant's Statement.

Defendant contends that Plaintiff's complaint is without merit and should be dismissed. The complaint is based on the general allegation that certain statements on the label and website concerning Snapple® brand "Acai Mixed Berry Red Tea" (defined as the "Product" in plaintiff's complaint) are false and misleading. On January 20, 2011, Defendant moved to dismiss the complaint. Rather than oppose the motion to dismiss by this Court's deadline of February 4, 2011, on February 6, 2011, Plaintiff filed a notice of intent to file an amended complaint by February 10, 2011 in lieu of an opposition—a tacit admission that the original complaint was subject to dismissal. Plaintiff then failed to file an amended pleading, and instead represented that she intended to file a tardy (and improper) opposition to Defendant's motion. After failing to do that too, Plaintiff disclosed her intent to file a First Amended Complaint after all (which Defendant will request the Court to strike).

{00040975.DOC - v2}

As explained in the motion to dismiss, there is no such claim as a private cause of action for "unsubstantiated advertising" and, even if there were, Plaintiff fails to allege facts demonstrating why any advertising was unsubstantiated or false. When determining whether a statement is misleading, the primary evidence to consider is the advertising itself. Defendant contends that the challenged statements cannot give rise to any claim as a matter of law. Plaintiff's original complaint challenges one word and two statements contained on the Product label and/or the Snapple website:

- "IMMUNITY"
- "In our search for the perfect tea, we scoured the planet and found rooibos ('roy-boss'), a rare antioxidant rich tea that only grows in the Western Cape region of South Africa. We topped it off with real fruit juice and Vitamin C to help support a healthy immune system. So go ahead and enjoy our delicious rooibos. And work on the pronunciation later."
- "It's rich in antioxidant vitamin C which helps support a healthy immune system."

See Compl. ¶¶ 14a.-b; see also id. ¶¶ 26a.-b (same).

Plaintiff has not alleged any specific facts showing how or why any of these words or statements is misleading, because they are not. For instance, Plaintiff does not allege what—if anything—she understood the words "IMMUNITY" and "Vitamin C which helps support a healthy immune system" mean or why, read in context, those words and statements are untrue or misleading.

The words are statements could not be misunderstood by a reasonable consumer to mean anything other than the obvious: that the Product contains rooibos and Vitamin C, and that Vitamin C helps support a healthy immune system. There is nothing misleading or controversial about the statements, and neither Plaintiff nor any member of the proposed class has been injured or suffered damages by reason of those statements.

Further, the claims in the complaint are not amenable to class action treatment.

There simply is no way of determining on a class-wide basis the reason(s) why a consumer bought the Product and whether each particular consumer was damaged and, if so, by what amount.

Joint Statement by the Parties.

Set forth below are the principal factual issues in dispute known to the Parties at this time:

- The reason(s) why a particular consumer purchased the Product;
- The amount(s) consumers paid for the Product;
- Where consumers purchased the Products;
- The terms of consumers' Product purchase;
- Whether the Product contains rooibos;
- Whether the Product contains Vitamin C.
- Whether Vitamin C helps support a healthy immune system.

**3.**     **Legal Issues:** A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

Plaintiff has asserted claims under California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq., California's False Advertising Law ("FAL"), Bus. & Prof. Code § 17500 et seq., and the CLRA. Additionally, Plaintiff alleges a claim for breach of express warranty.

Set forth below are the disputed points of law known to the Parties at this time:

- Whether the challenged statements described in Plaintiff's complaint are unfair, unlawful, or fraudulent within the meaning of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.;
- Whether the challenged statements described in Plaintiff's complaint violate the California the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.;
- Whether the challenged statements described in Plaintiff's complaint

{00040975.DOC - v2}

1   violate the California Consumer Legal Remedies Act ("CLRA"), Cal.

2   Civ. Code § 1770, et seq.;

3   • Whether the challenged statements described in Plaintiff's complaint

4     give rise to a claim for breach of express warranty, Cal. Com. Code §

5     2313, et seq.;

6   • Whether Plaintiff's claims are amenable to class action treatment;

7   • Whether California law can be applied to consumers throughout the

8     United States, as contemplated by Plaintiff's purported class definition;

9   • Whether Plaintiff and the individual members of the proposed class has

10    suffered a legal injury and damages and, if so, is entitled to relief and, if

11    so, what type(s) of relief;

12  • Whether Plaintiff's claims are barred, in whole or in part, by one or

13    more of Defendant's affirmative defenses; and

14  • Whether this case is maintainable as a class action under Fed. R. Civ.

15    Proc. 23 (Plaintiff has not identified the particular sections under which

16    certification is sought.)

17  **4.    Motions:** All prior and pending motions, their current status, and any anticipated

18  motions.

19      a.    Pending Motions.

20      Defendant has filed a motion, pursuant to Federal Rules of Civil Procedure 8,

21  9(b), 12(b)(1) and 12(b)(6), for an order dismissing the Complaint in its entirety. By

22  order dated January 21, 2011, plaintiff's deadline to oppose the motion was February 4,

23  2011. On February 6, 2011, after this deadline, Plaintiff filed a notice that she would be

24  filing an amended complaint pursuant to Federal Rule of Civil Procedure Rule

25  15(a)(1)(B). However, after further review of the motion to dismiss and the Complaint,

26  Plaintiff on February 15, 2011 filed a withdrawal of that notice, stating that she instead

27  intended to file a response in opposition to the motion on or before February 25,

28  pursuant to L.R. 7-3. Defendant objected to Plaintiff's February 15, 2011 filing because it

{00040975.DOC - v2}

conflicted with the briefing schedule set by the Court on January 21, 2011. Noting Defendant's objection, Plaintiff has disclosed that she now instead intends to file a First Amended Complaint on or before February 18, 2011 in which the amendments would be limited to those necessary to add damage remedies to the CLRA claim, pursuant to California Civil Code § 1782(d). As noted above, Defendant intends to request that the Court strike the First Amended Complaint because, among other things, Plaintiff has failed to comply with Rule 15(a).

       b.   <u>Anticipated Motions.</u>

Plaintiff will file a motion for certification of the class according to the schedule set forth in paragraph 9 below, which Defendant intends to oppose. Defendant anticipates filing a motion for summary judgment.

**5.**    **Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

On or before February 18, 2011, Plaintiff intends to file a First Amended Complaint, limited solely to the changes necessary to seek statutory and actual damages, as well as punitive damages, under the CLRA claim pursuant to California Civil Code § 1782(d). Defendant objects to that proposed amendment, as noted above.

**6.**    **Evidence Preservation:** Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

    <u>Plaintiff's Statement.</u>

None taken.

    <u>Defendant's Statement.</u>

Defendant has been informed of its obligation to preserve all relevant evidence, including electronic evidence, in connection with this case.

**7.**    **Disclosures:** Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

Counsel for the parties conducted an initial Rule 26(f) conference by telephone on February 11, 2011. The parties agree that they will make their initial disclosures pursuant to Rule 26(a)(1) on March 1, 2011.

**8.     Discovery:** Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

a.     No discovery has been taken to date.

b.     <u>Scope of Discovery:</u>

<u>Plaintiff's Statement.</u>

Plaintiff will need to conduct discovery on both the merits and the basis for class certification, and sees no basis for conducting discovery in phases or limiting it to particular issues. Plaintiff anticipates submitting interrogatories and requests for admissions and for production of documents to Plaintiff, as well as conducting a deposition pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of percipient witnesses throughout the U.S.

 <u>Defendant's Statement.</u>

Defendant contends that discovery should focus on class certification and related merits issues until after the Court rules on class certification. In connection with class certification, Defendant anticipates submitting interrogatories and requests for production of documents to Plaintiff, as well as deposing Plaintiff and other percipient witnesses throughout the U.S. Defendant also intends to take discovery of the named plaintiff in the subsequently-filed related class action case that counsel in this case filed in Florida state court (the related Florida case is described more fully in Part 10, below). Defendant also expects to submit expert testimony in connection with class certification and merits and intends to seek discovery from any expert identified by Plaintiff.

c.     <u>Limitations on Discovery:</u> Plaintiff agrees to enter into a protective order to govern the production of evidence Defendant considers in good faith to

{00040975.DOC - v2}

contain trade secret and/or confidential and proprietary information protected from public disclosure by law. In addition, at the present time, Defendant believes that the presumptive 10 deposition limit may be unworkable in this case given the allegations in Plaintiff's complaint. At this time, however, Defendant does not know with certainty whether it will need to exceed the presumption 10 deposition limit. Defendant will meet and confer with Plaintiff on the number of fact depositions as discovery progresses and if necessary seek appropriate Court relief should Defendant require additional deposition discovery.

d.   <u>Proposed Discovery Plan</u>:

- The complaint seeks to apply California law to a proposed nation-wide class of individual consumers, implicating hundreds of thousands of individual purchasing decisions. The complaint also implicates issues relating to Vitamin C. The complaint obviously implicates significant factual and expert discovery. To make the case more manageable, the Parties believe they should initially focus discovery on class certification and related merits issues and that the Court schedule remaining discovery, motion practice and trial after it determines whether this case can be tried as a class action. The Parties propose the following interim deadlines:

- Plaintiff's Class Expert Disclosure Deadline: July 29, 2011

- Defendant's Class Expert Disclosure Deadline: August 31, 2011

- Rebuttal Class Expert Disclosure Deadline (both parties): September 30, 2011

- Close of class certification and related merits discovery (including class certification expert discovery): October 31, 2011

The Parties propose that fact discovery as to additional merits issues continue until entry of an order on Plaintiff's class certification motion, as

{00040975.DOC - v2}

appropriate in light of the Court's ruling on such motion. For this reason, as noted below, the Parties propose that the Court conduct a further Scheduling Conference following issuance of an order regarding class certification in order to determine the deadline for all fact discovery and discovery of experts on merits issues.

e.  <u>Electronically Stored Information.</u> Counsel for the Parties have discussed the production of electronically stored information ("ESI") and have agreed that production of ESI will be made in TIFF or .pdf formats. Counsel for the Parties have further agreed to meet and confer should unforeseen issues arise as to the production of ESI.

f.  <u>Issues of Privilege and Protection of Trial Preparation Materials</u>. The Parties agree that confidential personal and business information should be protected from disclosure to the public and unauthorized third parties. The Parties intend to submit a stipulation and proposed protective order for the Court's review and, upon approval, entry.

g.  <u>Changes to Discovery Rules.</u> The Parties at this time do not believe that changes to the applicable discovery rules, except to the extent noted in this Joint Statement.

h.  <u>Other Orders.</u> Counsel for the Parties have agreed to submit for the Court's consideration a proposed protective order.

**9.  Class Actions:** If a class action, a proposal for how and when the class will be certified:

The parties propose the following Class Certification briefing schedule:

- Motion for Class Certification Due: November 30, 2011
- Defendant's Opposition Papers Due: January 6, 2012
- Plaintiff's Reply Papers Due: January 20, 2012
- Hearing on Class Certification: February 3, 2012

/////

1    <u>Plaintiff's Statement.</u>

2        The specific paragraphs of Fed. R. Civ. P.   23 under which the action is

3    maintainable as a class action:

4        Fed. R. Civ. P. 23(a) and (b)(2)

5    a.    A description of the class or classes in whose behalf the action is brought:

6        All persons who have purchased the Snapple® Acai Mixed Berry Red Tea

7        Immunity for personal use during the period extending from the date

8        Defendant first used the labeling representations on the Product described

9        above, through and to the filing date of this Complaint. Excluded from the

10        class are employees and agents of Defendant, the Judge and the Judge's

11        relatives back to the second degree of affinity, officers and directors of

12        Defendant, and counsel for Plaintiff and the Class.

13    b.    Facts showing that the party is entitled to maintain the action under Fed.

14    R. Civ. P.  23(a) and (b); and

15        The marketing campaign for the Product promoted the immunity benefits

16        to be derived from buying and drinking the Product, and all members of

17        the putative class were exposed to these claims by the deceptive

18        "IMMUNITY" statement on the principal display panel of the label, which

19        faces the consumer in the store aisle, if not by other means. Plaintiff

20        contends that Defendant lacks a credible scientific basis for making these

21        claims for the Product, particularly when the rooibos and vitamin C is

22        ingested at the modest levels found in the Product, as well as in

23        combination with other ingredients in the Product that might offset any

24        benefit derived from the rooibos and vitamin C. No discovery has been

25        taken to date. Plaintiff will provide more detailed information in the

26        motion for certification of the class after completion of discovery on this

27        issue.

28    c.    A proposed date for the Court to consider whether the case can be

1   maintained as a class action.

2    Hearing on Class Certification: February 3, 2012

3   Defendant's Statement.

4   Defendant contends that this case is not maintainable as a class action under

5   Fed. R. Civ. Proc. 23.

6   **10.   Related Cases:** Any related cases or proceedings pending before another judge of

7   this court, or before another court or administrative body.

8   Plaintiff's Statement.

9   *Michelle Weeks, et al v. Kellog Company et al.,* 2:09-cv-08102-MMM -RZ,

10   now pending before the Honorable Margaret M. Morrow of the Central

11   District Of California (Western Division - Los Angeles). Although the

12   product that is the subject of that action is different, Kellogg Company

13   made similar immunity claims for the subject product, and the facts and

14   legal issues are closely related. The complaints in the two cases are virtually

15   identical in many respects, as one of the *Weeks* counsel also is counsel in

16   this action. A true and correct copy of the Third Amended [Consolidated]

17   Class Action Complaint in *Weeks* is attached hereto as Exhibit "A" and

18   incorporated by reference.

19   Defendant's Statement.

20   The *Weeks* case is not a related case under Local Rule 3-12, and Defendant

21   objects to Plaintiff's attachment of the complaint in that action to this joint

22   submission. The two cases do not have any overlap in parties, let alone

23   involve "substantially the same parties." Nor would there be any

24   duplication of effort or risk of conflicting results, because the parties,

25   products and facts of the two cases are entirely different.

26   However, shortly after this case was assigned to this Court, one of

27   Plaintiff's counsel, along with Florida counsel, filed a substantially identical

28   lawsuit in Florida state court, styled *Michael Ross Romero v. Dr Pepper*

{00040975.DOC - v2}

*Snapple Group, Inc., and Publix Super Markets, Inc.,* Civ. No. 10045675 (17th Judicial Dist., Broward County Fla. Nov. 22, 2010). There are just two differences between the *Romero* complaint and the complaint in this case. First, there is an additional defendant, Publix Super Markets, Inc., which Plaintiff named in order to destroy federal diversity jurisdiction. Second, the *Romero* complaint seeks to certify a state-wide class of Florida consumers, albeit based on allegations identical to those in this case. The proposed Florida class and the named plaintiff in the Romero case are putative members of the national class that Plaintiff Julia Meaunrit seeks to certify in this case. Defendants in the *Romero* case have until March 8, 2011 to respond to the *Romero* complaint. In the event the *Romero* case is not dismissed in its entirety, defendants in that case may seek to stay or abate the *Romero* action pending resolution of this case.

**11. Relief:** All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

> Plaintiff's Statement.

> Plaintiffs seeks certification of the class and relief based on a cy pres, or fluid recovery, approach to making financial restitution to consumers who purchased the Product, with a fixed settlement fund calculated at 50 percent of the total national sales of the Product during the class period stated in the complaint, with any balance remaining after claimants are paid going to an appropriate nonprofit. Attorneys' fees and costs would be left to the determination of the Court.

> Defendant's Statement.

> Defendant contends that Plaintiff should take nothing by reason of her complaint, and that all of Plaintiff's claims and causes of action should be

dismissed with prejudice. Even if liability could be established, Defendant contends that Plaintiff cannot establish legally cognizable injury or damages. In addition to dismissal with prejudice, Defendant should also be awarded its costs and attorney's fees incurred to defend this suit.

**12.     Settlement and ADR:** Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

Plaintiff proposes that a settlement conference be held before the motion for class certification, and if the case does not settle, that another be held after the completion of discovery and the Court's ruling on the motion for class certification, provided that it is successful. Defendant proposes that the Parties conduct a single settlement conference, with a deadline to do so by December 30, 2011.

**13.     Consent to Magistrate Judge For All Purposes:** Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.     Other References:** Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:** Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

As the Parties have not yet conducted discovery, they are not aware of any

{00040975.DOC - v2}

issues that can be narrowed by agreement or by motion (except as the Court might determine through the pending motion to dismiss, and any subsequent motion to dismiss or for summary judgment), and for that same reason, do not presently have any suggestions to expedite the presentation of evidence at trial. The Parties will revisit this question after discovery commences.

**16.     Expedited Schedule:** Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

The Parties do not believe this case is suitable for handling on an expedited basis with streamlined procedures.

**17.     Scheduling:** Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

<u>Proposed Schedule.</u>

As noted above, the Parties contend that they should initially focus discovery on class certification and related merits issues and that the Court schedule remaining discovery, motion practice and trial after it determines whether this case can be tried as a class action.

The Parties propose the following interim deadlines:

- Plaintiff's Class Expert Disclosure Deadline: July 29, 2011
- Defendant's Class Expert Disclosure Deadline: August 31, 2011
- Rebuttal Class Expert Disclosure Deadline (both parties): September 30, 2011
- Close of class certification and related merits discovery (including class certification expert discovery): October 31, 2011
- Motion for Class Certification Due: November 30, 2011
- Defendant's Opposition Papers Due: January 6, 2012
- Plaintiff's Reply Papers Due: January 20, 2012
- Hearing on Class Certification: February 3, 2012

{00040975.DOC - v2}

The Parties propose that fact discovery as to additional merits issues continue until entry of an order on Plaintiff's class certification motion, as appropriate, in light of the Court's ruling on such motion. For this reason, as noted below, the Parties propose that the Court conduct a further Scheduling Conference following issuance of an order regarding class certification in order to determine the deadline for all fact discovery and discovery of experts on merits issues, as well as the setting of a trial date.

**18.    Trial:** Whether the case will be tried to a jury or to the court and the expected length of the trial.

Plaintiff has requested in the Complaint that the case be tried to a jury on all matters so triable.

If this case is not tried as a class action, the Parties believe that the trial can be completed within 8 court days. If this case is tried as a class action, the Parties believe that trial will take approximately 20 court days.

**19.    Disclosure of Non-party Interested Entities or Persons:** Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant has filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16. In addition, Defendant identifies the following persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the

proceeding: Michael Ross Romero. Plaintiff will file her Certification on or before February 18, 2011.

**20.     Other:** Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

The Parties are not aware of any such matters at this time.

Respectfully submitted:

HEWELL LAW FIRM

Dated: February 18, 2011            By: /s/ Harold M. Hewell
                                                    Harold M. Hewell
                                                    Attorney for Plaintiff


CRONE HAWXHURST LLP


Dated: February 18, 2011            By:
                                                    Gerald E. Hawxhurst
                                                    Attorneys for Defendant

{00040975.DOC - v2}

1

## EXHIBIT LIST

| Exhibit | Description | Pages |
|---------|-------------|-------|
| "A" | Third Amended [Consolidated] Class Action Complaint in *Michelle Weeks, et al v. Kellog Company et al.*, 2:09-cv-08102-MMM -RZ, now pending before the Honorable Margaret M. Morrow of the Central District Of California (Western Division - Los Angeles). | 21-52 |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "A"

1   **MILSTEIN, ADELMAN & KREGER, LLP**
Wayne S. Kreger, State Bar No. 154759

2   wkreger@maklawyers.com
Sara D. Avila, State Bar No. 263213

3   savila@maklawyers.com
2800 Donald Douglas Loop North

4   Santa Monica, California 90405
Telephone: (310) 396-9600

5   *Attorneys for Plaintiff Michelle Weeks*

6   **KIRTLAND & PACKARD, LLP**
Michael Louis Kelly, State Bar No. 82063

7   mlk@kirtlandpackard.com
Behram V. Parekh, State Bar No. 180361

8   bvp@kirtlandpackard.com
Heather M. Peterson, State Bar No. 261303

9   hmp@kirtlandpackard.com
2361 Rosecrans Avenue, 4th Floor

10   El Segundo, California 90245
Telephone: (310) 536-1000

11   *Attorneys for Plaintiff Maria Sandoval*

12   **Additional Counsel Listed on Signature Page**

13

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA   

16

17   MICHELLE WEEKS, individually and
on behalf of all others similarly situated;

18   and MARIA SANDOVAL, individually
and on behalf of all others similarly

19   situated,

20            Plaintiff,

21       vs.

22   KELLOGG COMPANY, a Delaware
Corporation; KELLOGG USA, INC., a

23   Michigan Corporation; KELLOGG
SALES COMPANY, a Delaware

24   Corporation; and DOES 1 through 100,
inclusive,

25            Defendants.

26

27

28

Case No. CV09-08102 (MMM) (RZx)
Before the Hon. Margaret M. Morrow

**THIRD AMENDED CLASS ACTION COMPLAINT**

1. UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*

3. VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.* (Consumers Legal Remedies Act)

**DEMAND FOR JURY TRIAL**

1

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Plaintiffs MICHELLE WEEKS and MARIA SANDOVAL ("Plaintiffs"), individually and on behalf of all other similarly situated purchasers of Kellogg Company's Cocoa Krispies (the "Cocoa Krispies Class") and Rice Krispies ("Rice Krispies Class") (collectively referred to as "the Class"), bring this consolidated complaint against Kellogg Company, a Delaware corporation, Kellogg USA, Inc., a Michigan corporation, Kellogg Sales Company, a Delaware corporation (collectively "Kellogg") and Does 1 through 100, inclusive (collectively referred to herein as "Defendants") and allege as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified in part 28 U.S.C. §§ 1332(d) and 1453. Jurisdiction under CAFA is met because: (1) the proposed number of putative class members exceeds 100; (2) at least one plaintiff and one defendant are citizens of different states, and in some instances, the principal defendant is not a citizen of the forum state; and (3) the amount in controversy, including, but not limited to the aggregate amount of relief sought by absent class members, exceeds $5 million. 28 U.S.C. § 1332(d)(2).

## VENUE

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because events giving rise to the claims, including, *inter alia*, Kellogg's false and misleading advertising and marketing, occurred and arose in this District.

## NATURE OF THE ACTION

3.     Defendants made false and misleading statements in their advertising and packaging of Kellogg's Cocoa Krispies (hereinafter "Cocoa Krispies") and Kellogg's Rice Krispies (hereinafter "Rice Krispies") (collectively referred to as

2

"the Products" or "Krispies cereals"). Cocoa Krispies is a "chocolatey, sweetened rice cereal" packaged and marketed by Defendants. Rice Krispies is "a toasted rice cereal" packaged and marketed by Defendants.

4. According to Defendants' uniform and consistent claims, eating just three-quarters (¾) cup of Cocoa Krispies will boost a family's immunity. Defendants' uniform and consistent claims also state that eating just one and a quarter (1 ¼) cups of Rice Krispies will boost a family's immunity. Specifically, Defendants market and advertise that both Krispies cereal products "NOW HELP SUPPORT YOUR CHILD'S IMMUNITY." Defendants, through a variety of advertising, including but not limited to print, internet, and the packaging and labeling of the Krispies cereals, make false regarding the benefits of the Krispies cereals, including but not limited to the following:

a. FRONT LABEL OF PRODUCTS:

- "NOW HELPS SUPPORT YOUR CHILD'S IMMUNITY"

- "25% DAILY VALUE OF ANTIOXIDANTS & NUTRIENTS VITAMINS A, B, C & E"

b. BACK LABEL OF PRODUCTS:

- "WITH ANTIOXIDANTS AND NUTRIENTS"

- "Helping to support your family's IMMUNITY"

- "Kellogg's Cocoa Krispies has been improved to include antioxidants and nutrients that your family needs to help them stay healthy."

- "Excellent source of vitamins A, B, C, and E – antioxidants and nutrients that help support the body's immune system"

- "Enjoy this wholesome breakfast and help keep your family healthy."

c. INTERNET:
- "And now each and every box is fortified with vitamins and nutrients that work together to help support your child's immunity."

//

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

5.    These consistent and uniform claims are false.   Indeed, there is no known clinical study that adequately supports Defendants' claims.  Plaintiffs therefore bring this class action to secure, among other things, injunctive relief, restitution and actual damages for the Class against Defendants for false and misleading advertising in violation of CAL. BUS. & PROF. CODE § 17200, *et seq.* (2009), CAL. BUS. & PROF. CODE § 17500, *et seq.* (2009), and CAL. CIV. CODE § 1750, *et seq.* (2009), among other laws.

6.    Additionally, Defendants fail to adequately disclose that other ingredients, including but not limited to sugar and high-fructose corn syrup, effect their claim that the Krispies cereals "help support" a child's immunity.  Defendants also fail to adequately disclose whether inclusion of such ingredients may outweigh the benefits, and thus render the "immunity" claims false and/or misleading.

7.    Defendants further failed and continue to fail to adequately disclose whether the "antioxidants and nutrients" purportedly added to the box, in conjunction with such sugary and unhealthy ingredients, negates or otherwise decreases the so-called health and immunity benefits Defendants claim.

8.    Defendants also failed and continue to fail to adequately disclose whether "antioxidants and nutrients" are synthetic and/or unnatural in form, and whether the form used actually procures the benefits claimed by Defendants.

9.    Accordingly, Defendants' advertising of the Krispies cereals, including but not limited to print, packaging and internet advertising, conveys a single, consistent false and misleading message to consumers:  that Defendants' Krispies cereals will boost a family's immune systems of children and keep a family healthy.  This is particularly egregious, especially in light of the current H1N1 flu ('swine flu') epidemic in California and the rest of the nation.

10.    During the course of this deception, Defendants have sold hundreds of thousands of units of the Krispies cereals based upon the false promises and

misleading advertisements targeted at vulnerable and worried parents, children and/or those individuals desiring to boost their immune systems.

11.   Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false misrepresentations.   Plaintiffs purchased Cocoa Krispies and Rice Krispies because of the claims by Defendants that these Krispies cereals each contain twenty-five percent (25%) daily value of antioxidants and nutrients and would support her family's immune system, among other claims. Plaintiffs would not have purchased the Product if they had known that this advertising was false.

12.   Defendants' false and misleading statements should be enjoined in the face of scientific and other evidence that undercuts Defendants' claims of each of the Krispies cereals' ability to support a family's immune system.   In addition, Defendants should be compelled to provide restitution to those innocent consumers that Defendants duped into purchasing Cocoa Krispies cereal.

## **PARTIES**

13.   Plaintiff MICHELLE WEEKS is, and at all times relevant hereto was, an individual residing in Los Angeles County, California.   Plaintiff is a mother and purchased both Cocoa Krispies and Rice Krispies in Los Angeles County.   In the purchase of these products, Plaintiff MICHELLE WEEKS saw and relied on the marketing and advertising materials promoting the Kellogg's products at issue here and has been damaged by her purchase of such products because such marketing and advertising materials are false and/or misleading. In doing so, Plaintiff MICHELLWEEKS relied upon the advertising and other promotional material which were prepared and approved by Defendants and their agents and disseminated through their packaging, label, and national advertising media, containing the misrepresentations alleged herein and designed to encourage consumers to purchase Cocoa Krispies and Rice Krispies.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

14. Plaintiff MARIA SANDOVAL is a citizen and resident of California. She has purchased Kellogg's Krispies line of products on multiple occasions. In the purchase of these products, Plaintiff MARIA SANDOVAL saw and relied on the marketing and advertising materials promoting the Kellogg's products at issue here and has been damaged by her purchase of such products because such marketing and advertising materials are false and/or misleading.

15. Defendant Kellogg Company is a corporation organized under the laws of the State of Delaware. Kellogg Company is the world's leading producer of cereal. According to its 2007 filing with the United State Securities and Exchange Commission, Kellogg Company had nearly $12,000,000,000 in sales in 2007. Kellogg Company maintains its principal business office at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599. Kellogg Company, directly and through its agents, has substantial contacts with and receives benefits and income from and through the State of California. Kellogg USA Inc. and Kellogg Sales Company operate as wholly-owned subsidiaries of Kellogg Company. As such, Kellogg Company is the owner, manufacturer and distributor of the Cocoa Krispies and Rice Krispies products, and is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for the Cocoa Krispies and Rice Krispies.

16. Defendant Kellogg USA, Inc. is a corporation organized under the laws of the State of Michigan. Kellogg USA, Inc. maintains its principal business office at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599. Kellogg USA., Inc., directly and through its agents, has substantial contacts with and receives benefits and income from and through the State of California. Kellogg USA, Inc., is the owner, manufacturer and distributor of the Cocoa Krispies and Rice Krispies products, and/or is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for Cocoa Krispies and Rice Krispies.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

17.     Defendant Kellogg Sales Company is a corporation organized under the laws of the State of Delaware.  Kellogg Sales Company maintains its principal business office at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599.   Kellogg Sales Company, directly and through its agents, has substantial contacts with and receives benefits and income from and through the State of California.  Kellogg Sales Company, is the owner, manufacturer and distributor of the Cocoa Krispies and Rice Krispies products, and/or is the company that created and/or authorized the false, misleading and deceptive advertisements and/or packaging for the Cocoa Krispies and Rice Krispies products.

18.     The true names and capacities, whether individual, corporate, associated or otherwise of certain manufacturers, distributors, or their alter egos sued herein as DOES 1 through 100 inclusive are presently unknown to Plaintiffs who therefore sue these Defendants by fictitious names.  Plaintiffs will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believes and based thereon alleges that DOES 1 through 100 were authorized to do and did business in Los Angeles County.  Plaintiffs are further informed and believes and based thereon alleges that DOES 1 through 100 were or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

19.     Plaintiffs are informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

20.     In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to

purchase Cocoa Krispies and Rice Krispies. Defendants participated in the making of such representations in that each did disseminate or cause to be disseminated said misrepresentations.

21. Defendants, upon becoming involved with the manufacture, distribution, advertising, marketing, and sale of Cocoa Krispies and Rice Krispies knew or should have known that the claims about these Krispies cereals and, in particular, the claims suggesting that Cocoa Krispies and Rice Krispies each "NOW HELPS SUPPORT YOUR CHILD'S IMMUNITY" and includes antioxidants and nutrients that a family needs to help them stay healthy were and are false, deceptive, and misleading. Indeed, since the first time that Cocoa Krispies and Rice Krispies were advertised, Defendants have been aware that they, individually and/or collectively, do not possess the requisite competent and reliable scientific evidence to substantiate their bold claims about the purported benefits and effects of each of the Krispies cereals. Defendants affirmatively misrepresented the "benefits" of each of the Krispies cereals in order to convince the public to purchase and use that product, resulting in profits of hundreds of thousands of dollars or more to Defendants, all to the damage and detriment of the consuming public. Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability, Defendants further aided and abetted and knowingly assisted each other in breach of their respective duties and obligations as herein alleged.

## FACTUAL ALLEGATIONS

22. With the ever-increasing health concerns and scientific revelations regarding the nutritional content of food, the marketing of food as healthy has exploded in recent years. In an effort to "grab" some of those billions, unscrupulous companies routinely toss a small amount of a particular substance into a preexisting product and advertise said product as though it could provide results beyond what would be a reasonable expectation. Often such substances contribute

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

8

no scientifically proven health benefits or contain dosages that are so small in proportion to that recommended for daily intake as to make any real benefit illusory.

23. These marketing companies engage in campaigns that suggest to health conscious consumers that a particular product will "SUPPORT YOUR CHILD'S IMMUNITY" and keep the consumer's family healthy, while, in fact, what the product provides is either not what it purports to be, has not been generally accepted within the scientific community, or is otherwise far too minimal to be adequate, let alone profound.

24. In their marketing of Cocoa Krispies and Rice Krispies, Defendants have "followed the playbook" to the letter. Defendants' television commercials, websites (http://www.ricekrispies.com/products/cocoa-krispies-cereal.aspx [for Cocoa Krispies] and http://www.ricekrispies.com/products/rice-krispies-cereal.aspx [for Rice Krispies], last viewed November 4, 2009) and the Krispies cereals' packaging and labeling reiterate those very same claims, and state:

a. FRONT LABEL OF PRODUCTS:

- "NOW HELPS SUPPORT YOUR CHILD'S IMMUNITY"

- "25% DAILY VALUE OF ANTIOXIDANTS & NUTRIENTS"

- "VITAMINS A, B, C & E"

b. BACK LABEL OF PRODUCTS:

- "WITH ANTIOXIDANTS AND NUTRIENTS"

- "Helping to support your family's IMMUNITY"

- "Kellogg's Cocoa Krispies has been improved to include antioxidants and nutrients that your family needs to help them stay healthy."

- "Excellent source of vitamins A, B, C, and E – antioxidants and nutrients that help support the body's immune system"

- "Enjoy this wholesome breakfast and help keep your family healthy."

Milstein, Adelman &Kroger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

c. <u>INTERNET:</u>

- And now each and every box is fortified with vitamins and nutrients that work together to help support your child's immunity.

25.     Defendants' claims about Cocoa Krispies and Rice Krispies lead parents to believe that the antioxidants and nutrients contained therein will have the tangible result of helping to support their child's immunity.  These claims are false, deceptive, and misleading.  Defendants do not have competent and reliable scientific evidence to support their claims about Cocoa Krispies and Rice Krispies.  Indeed, Kellogg does not cite to a single clinical trial or study it has conducted or commissioned on the benefits of Krispies cereals because, presumably, Kellogg has not conducted or commissioned any.  A true and correct copy of the front and back of the Cocoa Krispies packaging is attached hereto as **Exhibit "1"** and **Exhibit "2"**, respectively.  A true and correct copy of the front and back of the Rice Krispies packaging is attached hereto as **Exhibit "3"** and **Exhibit "4"**, respectively.

26.     In spite of its lack of competent and reliable scientific evidence to support its claims about Cocoa Krispies and Rice Krispies, Kellogg has introduced products including but not limited to Krispies cereals into the marketplace to profit from a growing trend in the manufacturing, advertising, and sales of "functional" foods.  Kellogg has prioritized profits ahead of its customers by altogether failing to conduct or commission any clinical trials or studies whatsoever concerning the benefits and risks of Krispies cereals.

27.     Contrary to its consistent and uniform claims, Defendants fail to adequately disclose that other ingredients, including but not limited to sugar, chocolate, high-fructose corn syrup and/or partially-hydrogenated oils, may not "help support" a child's immunity.  Defendants also fail to adequately disclose whether inclusion of such ingredients may outweigh the benefits, and thus render the "immunity" claims false and/or misleading.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

28.     Defendants further failed and continue to fail to adequately disclose whether the form and/or amount of the "antioxidants and nutrients" purportedly added to the box may not render the health benefits Defendants claim.

29.     Defendants' claims about Cocoa Krispies and Rice Krispies lead parents and those seeking to boost their immune systems, to believe that the "dosage" of antioxidants and nutrients contained therein will have the tangible result of helping to support their child's immunity.   These claims are false, deceptive, and misleading.   Defendants do not have competent and reliable scientific evidence to support such claims.

30.     During the course of their false, misleading, and deceptive advertising campaign, Defendants have sold hundreds of thousands of units or more of Cocoa Krispies and Rice Krispies based upon Defendants' false promises.  Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.  The Products, as purchased by the Plaintiffs and the Class, were and are unsatisfactory and worth less than the amount paid for.

31.     Plaintiffs would not have purchased the Products, but for Defendants' representations that consuming the Products would boost her and her family's immunity.

32.     Through the conduct described herein, Defendants have received money belonging to Plaintiffs and the Class through the sale of the Products.

33.     Defendants have reaped substantial profit by misrepresenting the facts regarding their Products, as set forth herein.  Defendants have benefited from the receipt of such money that they would not have received but for their misrepresentations and/or omissions.

34.     As a direct and proximate result of Defendants' misconduct as set forth herein, Defendants have been unjustly enriched.

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

35.    Under principles of equity and good conscience, Defendants should not be permitted to keep the money belonging to Plaintiffs and the Class that Defendants have unjustly received as a result of their actions.

## **CLASS ACTION ALLEGATIONS**

36.    Plaintiffs bring this action on behalf of themselves and the proposed plaintiff Class members under Federal Rule of Civil Procedure Rule 23(b)(2) and (b)(3).  The proposed Cocoa Krispies Class consists of:

> All persons residing in the State of California who purchased Cocoa Krispies for personal use and not for resale during the time period November 4, 2005 through the present.  Excluded from the Class are Kellogg's officers, directors, and employees, and any individual who received remuneration from Kellogg in connection with that individual's use or endorsement of Cocoa Krispies Immunity.

37.    The proposed Rice Krispies Class consists of:

> All persons residing in the State of California who purchased Rice Krispies for personal use and not for resale during the time period November 4, 2005 through the present.  Excluded from the Class are Kellogg's officers, directors, and employees, and any individual who received remuneration from Kellogg in connection with that individual's use or endorsement of Rice Krispies Immunity.

Said definitions of the Cocoa Krispies Class and/or Rice Krispies Class may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.  The Cocoa Krispies Class and Rice Krispies Class shall both be collectively referred to as "the Class" for purposes of this Complaint.

38.    The Class comprises many thousands of persons throughout California,

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

12

Milstein, Adelman &Kregor, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

the joinder of whom is impracticable, and the disposition of their claims in a class action will benefit the parties and the Court. The Class is sufficiently numerous because millions of units of Cocoa Krispies and Rice Krispies have been sold in the State of California during the Class Period.

39.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

 a. Whether Defendants' conduct is an unlawful business act or practice within the meaning of CAL. BUS. & PROF. CODE § 17200, *et seq.*;

 b. Whether Defendants' conduct is a fraudulent business act or practice within the meaning of CAL. BUS. & PROF. CODE § 17200, *et seq.*;

 c. Whether Defendants' advertising is untrue or misleading within the meaning of CAL. BUS. & PROF. CODE § 17500, *et seq.*;

 d. Whether Defendants possess competent and reliable scientific evidence to support their label and advertising claims made regarding the Products;

 e. Whether Defendants made false and misleading representations in their advertising and labeling of the Products;

 f. Whether Defendants failed to disclose that the Products may not actually boost consumers' immunity;

 g. Whether Defendants knew or should have known that the representations and omissions were false;

 h. Whether Defendants' misrepresentations and omissions were likely to deceive a reasonable consumer;

 i. Whether Defendants represented that the Products were of a particular standard, quality, or grade when they are of another; and

13

j.  Whether Defendants represented that the Products have characteristics, benefits, uses, or quantities which it does not have.

40.  Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs do not have any interests which are antagonistic to those of the proposed Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation. The questions of law and fact common to the Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

41.  Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false, deceptive, and misleading representations.

42.  The Product as purchased by the Plaintiffs and the Class was and is unsatisfactory and worth less than the amount paid for.

43.  The Class is identifiable and readily ascertainable. The names and addresses of the class members are available through business or public records. Notice can be provided to such purchasers via first class mail using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

44.  A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

45.  The trial and the litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

Milstein, Adelman & Kroger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

14

46.    Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.   The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendants.

47.    Absent a class action, Defendants will likely retain the benefits of their wrongdoing.   Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.   Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## FIRST CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*
### (By Plaintiffs and each Class Against All Defendants)

48.    Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

49.    This cause of action is brought pursuant to CAL. BUS. & PROF. CODE § 17200, *et seq.*, on behalf of Plaintiffs and a Class consisting of all persons residing in the State of California who purchased Cocoa Krispies and/or Rice Krispies for personal use and not for resale.

50.    Defendants, in their advertising and packaging of Cocoa Krispies and/or Rice Krispies, made and continue to make false and misleading statements regarding the benefits and the efficacy of Cocoa Krispies and/or Rice Krispies, particularly as they apply to supporting a child's immunity and helping to keep family members healthy, all as set forth in the examples above.

Milstein, Adelman & Kroger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

51. Defendants do not have any competent o reliable scientific evidence to support the claims about Cocoa Krispies and/or Rice Krispies made in Defendants' advertising and on Defendants' packaging and labels.

52. Defendants are aware that the claims that they make about Cocoa Krispies and/or Rice Krispies are false, misleading, and unsubstantiated.

53. As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of CAL. BUS. & PROF. CODE § 17200.

54. In addition, Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue, or misleading advertising, and an unlawful business practice within the meaning of CAL. BUS. & PROF. CODE §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of CAL. BUS. & PROF. CODE §§ 17200 and 17500.

55. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

56. All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

57. Pursuant to CAL. BUS. & PROF. CODE §§ 17203 and 17535, Plaintiffs and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of Cocoa Krispies and/or Rice Krispies. Likewise, Plaintiffs and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

16

Defendants' failure to disclose the existence and significance of said misrepresentations.

58.     Plaintiffs and the Class have suffered injury in fact and have lost money or property as a result of Defendants' false representations.   The Products as purchased by the Plaintiffs and the Class were and are unsatisfactory and worth less than the amount paid for.

## SECOND CAUSE OF ACTION
## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
### (By Plaintiffs and each Class Against All Defendants)

59.     Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

60.     This cause of action is brought pursuant to CAL. BUS. & PROF. CODE § 17500, *et seq.*, on behalf of Plaintiffs and the Class consisting of all persons residing in the State of California who purchased Cocoa Krispies and/or Rice Krispies for personal use and not for resale.

61.     In its advertising of Cocoa Krispies and/or Rice Krispies, Defendants knowingly make false and misleading statements regarding the benefits and the effects of Cocoa Krispies and Rice Krispies, particularly as they apply to supporting a child's immunity and helping to keep family members healthy, all as set forth in the examples above.

62.     Defendants do not have any competent and reliable scientific evidence to support the claims about Cocoa Krispies and/or Rice Krispies made in Defendants' advertising and on the packaging and labels of the Products.

63. .   Defendants are aware and knew that the claims that they make about Cocoa Krispies and Rice Krispies are false, misleading, and unsubstantiated.

Milstein, Adelman &Kroger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

64. As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of CAL. BUS. & PROF. CODE § 17200.

65. In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue, or misleading advertising, and an unlawful business practice within the meaning of CAL. BUS. & PROF. CODE §§ 17531 and 17200, which advertisements have deceived and are likely to deceive the consuming public, in violation of CAL. BUS. & PROF. CODE § 17500.

66. Pursuant to CAL. BUS. & PROF. CODE §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of Cocoa Krispies and/or Rice Krispies. Likewise, Plaintiffs and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiffs and the Class restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations.

67. Plaintiffs and the Class have suffered injury in fact and have lost money or property as a result of Defendants' false representations. The Product as purchased by the Plaintiffs and the Class was and is unsatisfactory and worth less than the amount paid for.

//

//

//

//

Milstein, Adelman & Kroger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

18

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.***

**(By Plaintiffs and each Class against all Defendants)**

68.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

69.    This cause of action is brought pursuant to CAL. CIV. CODE § 1750, *et seq.*, the CLRA, on behalf of Plaintiffs and a Class consisting of all persons residing in the State of California who purchased Cocoa Krispies and/or Rice Krispies for personal use and not for resale.

70.    The Class consists of thousands of persons, the joinder of whom is impracticable.

71.    There are questions of law and fact common to the class.    These questions are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Defendants represented that Cocoa Krispies and/or Rice Krispies have characteristics, benefits, uses, or quantities which they do not have; (b) Whether the existence, extent, and significance of the major misrepresentations and/or omissions regarding the purported benefits, characteristics, and efficacy of Cocoa Krispies and/or Rice Krispies violate the Act; and (c) Whether Defendants knew of the existence of these misrepresentations and omissions.

72.    The policies, acts, and practices heretofore described were intended to result in the sale of Cocoa Krispies and Rice Krispies to the consuming public, particularly those concerned about boosting their immunity and that of their children, and violated and continue to violate CAL. CIV. CODE § 1770(a)(5) by representing that Cocoa Krispies and Rice Krispies has characteristics, benefits, uses, or quantities which it does not have.

73.    The policies, acts, and practices heretofore described were intended to result in the sale of Cocoa Krispies and Rice Krispies to the consuming public,

19

Milstein, Adelman &Kregor, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

particularly those concerned about boosting their immunity and that of their children, and violated and continue to violate CAL. CIV. CODE § 1770(a)(7) by representing that Cocoa Krispies and Rice Krispies is of a particular standard, quality, or grade, or that Cocoa Krispies and Rice Krispies is of a particular style or model, when they are of another.

74.    Defendants fraudulently deceived Plaintiffs and the Class by representing that Cocoa Krispies and Rice Krispies have certain characteristics, benefits, uses, and qualities which they do not have.  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiffs and the Class, specifically, that Cocoa Krispies and Rice Krispies each helps to support a person's immunity and keep them healthy.  Said misrepresentation and concealment were done with the intention of deceiving Plaintiffs and the Class and depriving them of their legal rights and money.

75.    Defendants knew that the dosage and form of antioxidants and nutrients in Cocoa Krispies and Rice Krispies are not scientifically proven to substantially help to support the body's immune system.

76.    Defendants' actions as described herein above were done with conscious disregard of Plaintiffs' rights and Defendants were wanton and malicious in their concealment of same.

77.    Plaintiffs and the Class have suffered injury in fact and have lost or property as a result of Defendants' false representations.

78.    The Product as purchased by the Plaintiffs and the Class was and is unsatisfactory and worth less than the amount paid for.

79.    Pursuant to CAL. CIV. CODE § 1780(a), Plaintiffs seek injunctive relief to enjoin the above-described wrongful acts and practices of Defendants, including, but not limited to, an order:

    A.    Enjoining Defendants from continuing to make the statements set forth above;

B.    Enjoining Defendants from continuing to offer for sale any unit
of Cocoa Krispies and Rice Krispies that contains any false,
misleading and/or unsubstantiated statements and claims on their
packaging and/or their labels, including, without limitation, those
statements and claims set forth above;

C.    Ordering that Defendants immediately recall any and all units of
Cocoa Krispies and/or Rice Krispies that contain any false,
misleading and/or unsubstantiated statements and claims on them
and/or their labels, including, without limitation, those statements
and claims set forth above;

D.    Enjoining Defendants from continuing to use the packaging and
label that they presently use for Cocoa Krispies and Rice
Krispies; and

E.    Enjoining Defendants from distributing such false advertising
and misrepresentations.

80.    In accordance with Section 1782 of the CLRA, on or about November
4, 2009 Plaintiffs notified Defendants in writing of the particular violations of
Section 1770 of the CLRA (the Notices) and demanded, among other things, that
Defendants cease making the misrepresentations and omissions alleged herein, and
that Defendants provide restitution to consumers who purchased the Products.
Plaintiffs sent the Notices by means of certified mail, return-receipt requested, to
Defendants at their principal places of business as well as Defendants' agents for
service of process, as listed by the California Secretary of State. Since Defendants
failed to respond to Plaintiffs' demands within thirty days of receipt of the Notice,
pursuant to section 1782(a) and (d) of the CLRA, Plaintiffs hereby request
statutory damages, actual damages, plus punitive damages, interest and attorney's
fees. Plaintiffs request that this Court enter such orders or judgments as may be
necessary to restore any person in interest any money which may have been

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

21

acquired by means of such unfair business practices, and for such relief as provided in CAL. CIV. CODE § 1780 and the Prayer for Relief.

81.     Plaintiffs request that this Court enter such orders or judgments as may be necessary to restore any person in interest any money which may have been acquired by means of such unfair business practices, and for such relief as provided in CAL. CIV. CODE § 1780(a) and the Prayer for Relief.

82.     Plaintiffs shall be irreparably harmed if such an order is not granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment and relief as to the FIRST and SECOND CAUSES OF ACTION as follows:

A.     An order certifying that the action may be maintained as a Class Action;

B.     An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

C.     An order requiring Defendants to pay restitution to Plaintiffs and all members of the Class;

D.     For pre-judgment interest from the date of filing this suit;

E.     Reasonable attorneys' fees;

F.     Costs of this suit; and

G.     Such other and further relief as the Court may deem necessary or appropriate.

//
//
//
//

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment and relief as to the THIRD CAUSE OF ACTION as follows:

A.   An order certifying that the action may be maintained as a Class Action;

B.   An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

C.   An order requiring Defendants to pay restitution to Plaintiffs and all members of the Class;

D.   For an award of actual damages;

E.   For an award of punitive damages;

F.   For pre-judgment interest from the date of filing this suit;

G.   Reasonable attorneys' fees and costs of this suit;

H.   Such other and further relief as the Court may deem necessary or appropriate.

I.   That each senior citizen and disabled person who is a plaintiff be awarded $5,000 as authorized by sections 1780(b) and 3345(b) of the Civil Code; and,

DATED: October 14, 2010

MILSTEIN, ADELMAN & KREGER, LLP

/s/ Wayne S. Kreger
Wayne S. Kreger (154759)
Sara D. Avila (263213)
Attorney for Plaintiff Michelle Weeks

DATED: October 14, 2010

LAW OFFICES OF HOWARD WEIL RUBINSTEIN

/s/ Howard W. Rubinstein
Howard W. Rubinstein (*pro hac vice*)

23

Milstein, Adelman &Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**LAW OFFICES OF HOWARD WEIL RUBINSTEIN**
Post Office Box 4839
Aspen, Colorado 81611
Telephone: (832) 715-2788
Attorney for Plaintiff Michelle Weeks

DATED: October 14, 2010     **WHATLEY, DRAKE & KALLAS**

_____/s/ Joe Whatley, Jr._____
Joe Whatley, Jr. (*pro hac vice*)
Attorney for Plaintiff Michelle Weeks

DATED: October 14, 2010     **KIRTLAND PACKARD LLP**

_____/s/ Behram V. Parekh_____
Michael Louis Kelly
Behram V. Parekh
Heather M. Peterson
Attorney for Michelle Sandoval

## JURY TRIAL DEMANDED

Plaintiffs Michelle Weeks and Maria Sandoval demand a jury trial on all triable issues.

DATED: October 14, 2010     **MILSTEIN, ADELMAN & KREGER, LLP**

_____/s/ Wayne S. Kreger_____
Wayne S. Kreger (154759)
Sara D. Avila (263213)
Attorney for Plaintiff Michelle Weeks

DATED: October 14, 2010     **LAW OFFICES OF HOWARD WEIL RUBINSTEIN**

_____/s/ Howard W. Rubinstein_____
Howard W. Rubinstein (*pro hac vice*)
**LAW OFFICES OF HOWARD WEIL RUBINSTEIN**
Post Office Box 4839
Aspen, Colorado 81611
Telephone: (832) 715-2788

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

24

1

2    DATED: October 14, 2010           Attorney for Plaintiff Michelle Weeks
**WHATLEY, DRAKE & KALLAS**

3

4    _____/s/ Joe Whatley, Jr._____
Joe Whatley, Jr. (*pro hac vice*)

5    Attorney for Plaintiff Michelle Weeks

6    DATED: October 14, 2010           **KIRTLAND PACKARD LLP**
_____/s/ Behram V. Parekh_____

7    Michael Louis Kelly

8    Behram V. Parekh

9    Heather M. Peterson
Attorney for Michelle Sandoval

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Milstein, Adelman & Kroger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

25

# EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3



